IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZHENQUAN CHEN ) | |
| ) | No. 14-cv-02220 |
| ) | |
| Plaintiff, ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| FUSIONONE ELECTRONIC ) | |
| HEALTHCARE, INC., and ) | |
| KRESS STEIN, Individually ) | |
| ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Zhenquan Chen filed the instant Complaint in this Court on March 28, 2014, against FusionOne Electronic Healthcare, Inc. ("FusionOne") and Kress Stein (collectively "Defendants"). Defendants move to dismiss Chen's complaint as barred by res judicata. For the following reasons, Defendants' motion to dismiss is denied.

**Background**

On June 10, 2013, Chen filed an Amended Complaint in the Circuit Court of DuPage County along with two other plaintiffs, Yong Jin Hong and Jerry Stanley, against the instant defendants ("Amended Complaint"). (Dkt 6-4; Case No.: 12-cv-8213). Defendants filed a motion to dismiss pursuant to 735 ILCS 5/2-619 (Dkt 6-5), asking the state court to dismiss with prejudice Chen's claims that Defendants violated the Illinois Wage Payment and Collection Act (820 ILC 115/2), breached the employment contract, and were unjustly enriched by the alleged violations.

The state court held a hearing on the Defendants motion on September 17, 2013. After hearing argument, the state court orally ordered the plaintiffs to file separate complaints, explaining that all three plaintiffs should not have filed a single complaint for their various claims. (Dkt 10-2; pg. 21). The state court also ordered Chen to replead his claims with particularity when he refiles his individual Complaint. *Id*. at pg. 22, 28. It did not set a deadline as to when plaintiffs must replead their complaints. In the written order, the state court ordered

1

Plaintiffs' Amended Complaint dismissed with leave to replead three separate complaints and set a status hearing date for Chen on December 3, 2013. (Dkt 10-4).

On December 3, 2013, the state court held a status hearing in which it concluded there was "no case or controversy before the Court," and that the case should be stricken from the call because the case was dismissed on September 3, 2013 with leave to replead, but more than 30 days had passed without a new filing. (Dkt 10-5, pg. 2). The state court questioned whether it still had jurisdiction during the December 3 hearing, finally stating "[t]here's nothing for the Court to do," when the case came up for status, "and the status is that nothing has been refiled so we just strike it from the call." (Dkt 10-5, pg. 5).

Chen then filed his Complaint in this Court on March 28, 2014, alleging Defendants violated the Illinois Wage Payment and Collection Act, breached their employment contract and commissions agreement, and were unjustly enriched by these acts. On June 13, 2014, Defendants moved to dismiss Chen's claims, pursuant to Federal Rule of Civil Procedure 12(b)(6), as barred by the doctrine of res judicata. For the following reasons, Defendants' motion is denied.

**Legal Standard**

In order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). This standard is met when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A motion to dismiss is decided on the face of the complaint and any attachments that accompanied its filing. *Miller v. Herman,* 600 F.3d 726, 733 (7th Cir. 2010). The court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). The court may take judicial notice of state court decisions, *520 S. Mich. Ave. Assocs., Ltd. v. Shannon,* 549 F.3d 1119, 1138 (7th Cir. 2008).

**Discussion**

Under Illinois law, res judicata bars a subsequent action if: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies. *Hudson v. City of Chicago*, 889 N.E.2d 210, 215 (Ill. 2008). Res judicata bars every matter that was determined in the first suit,

as well as every matter that might have been raised and determined in that suit. *Id*. at 217. Chen does not address, and thereby concedes, that the second and third elements are satisfied. *See Cincinnati Ins. Co. v. Eastern Atlantic. Co.*, 260 F.3d 742, 747 (7th Cir. 2001) (by failing to address an argument that is not frivolous or nondispositive, a non-moving party acquiesces in the movant's argument, and "acquiescence operates as a waiver"). Thus, the Court will consider whether the state court's September 3 dismissal with leave to replead and December 3 oral pronouncements amount to a final judgment on the merits.

Illinois Supreme Court Rule 273 provides that, unless otherwise specified, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits. A final judgment is "a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit." *Hernandez v. Pritikin*, 981 N.E.2d 981, 992 (Ill. 2012). Additionally, as the party invoking the res judicata doctrine, a defendant bears the burden of showing it applies in these circumstances. *See Taylor v. Police Board*, 960 N.E.2d 750, 756 (Ill. App. Ct. 2011). In explaining this burden, the Illinois Supreme Court concluded that it is the movant's responsibility to obtain a ruling on its motion to dismiss, and where the nature of the ruling may be determinative, the movant also has the responsibility of obtaining a definitive ruling. *Hernandez* 981 N.E.2d at 991.

The Court first finds that the state court's September 3rd written order was not a final adjudication on the merits where the order granted Chen leave to replead and the state court explained on the record that Chen needed to replead his claims with particularity. *See e.g.*, *Kostecki v. Dominick's Finer Foods, Inc. of Ill.*, 836 N.E.2d 837, 846 (Ill. App. Ct. 2005) (providing that where a dismissal order does not specify that it is "without prejudice" and does not grant the plaintiff leave to file an amended complaint, the judgment is a final adjudication on the merits").

Moreover, the Court finds that the state court's oral pronunciations during the December 3rd status hearing did not result in a final adjudication. The state court was unsure whether it retained jurisdiction over the matter because 30 days passed without Chen filing anything in the case. It ultimately concluded that the matter was "stricken from the call." The state court did not state on the record or in a written order that Chen's Complaint was dismissed with prejudice or that a final ruling was issue. Counsel for Defendants did not seek to clarify the record during the

3

December 3rd status hearing, failing to carry their burden to "clarify the record so as to *clearly* demonstrate [their] entitlement to the doctrine's [res judicata] application." *Hernandez*, 981 N.E.2d at 993. Therefore, the Court further finds that Defendants have not shown that a final judgment was entered as a result of the December 3rd status hearing in state court, in order for the Court to apply the doctrine of res judicata. See *Id.* (finding the defendants failed to prove there was a final judgment in the previous action because the state trial court's written order gave the plaintiffs 30 days to file an amended complaint but did not indicate that a final ruling was issued or that the case was dismissed with prejudice);

**Conclusion**

Accordingly, Defendants' motion to dismiss based on the doctrine of res judicata is denied.

IT IS SO ORDERED.
_____
Date: January 9, 2015

Sharon Johnson Coleman
United States District Judge